124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan TOM, Plaintiff-Appellant,
v.
SAN FRANCISCO CITY & COUNTY; Roberta Achtenberg; Anegla
Alioto; Harry Britt; Jim Gonzalez; Terence Hallinan; Tom
Hsieh; Willie B. Kennedy; Bill Maher; Carole Midgen;
Kevin Shelly; Doris Ward; Carlota Texidor Del Portillo;
A. Lee Munson; Cleo Donovan; Grant Mickins; Richard
Tomoda; John J. Walsh; Albert C. Walker; Louis H. Renne;
Arthur A. Hartinger; Jonathan V. Holtzman; Rose L.
Randolph; James P. Horan; John Hogg; Michael Fitzpatrick;
Russell Miller; Sarah Kauffman; Service Employees
International Union, Local 535; David C. Aroner; Jerry R.
Fillingim; Paul Supton; William Boone, Defendants-Appellees.
 No. 97-15344.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-93-01926-VRW; Vaughn R. Walker, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joan Tom, a former employee of the City and County of San Francisco, appeals pro se the district court's denial of her motions to amend her complaint and to set aside the judgment against her, which arose from her action, alleging various causes of action including alleged constitutional violations against City and union officials.
 
 
 3
 Tom's employment with the City was terminated on July 30, 1984, and Tom did not file her federal action until May 24, 1993. The district court dismissed the original complaint for its failure to comply with the applicable statutes of limitations. The district court dismissed Tom's amended complaint for its failure to cure the defects of the original complaint. In this action, Tom sought to set aside the previous dismissals based on "newly discovered evidence," which would purportedly show that she was separated from her employment in 1983 rather than 1985. Tom also sought to add new causes of action.
 
 
 4
 For the reasons stated in the district court's order of dismissal, we affirm.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees contend that Tom's appeal was not timely. Tom, however, filed a motion with the district court on 11/25/96 which, given Tom's pro se status, should be liberally construed as a timely Fed.R.Civ.P. 59(e) motion, and the district court's orders terminating the case implicitly denied the Rule 59(e) motion. Consequently, we conclude that Tom's appeal is timely
 Tom has filed motions to supplement the record. To the extent the materials were not considered by the district court, we will not consider them on appeal. Tom's request to strike the record is denied. Tom's request for a default judgment is denied, because the appellees did in fact file a timely brief with this court.